UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Harvey Preston,

            Petitioner,      Case No. 20-cv-13398

v.                                Judith E. Levy
                                United States District Judge

John Davids,
                                Mag. Judge Patricia T. Morris
           Respondent,

_____/

## ORDER TRANSFERRING SECOND OR SUCCESSIVE HABEAS PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner Harvey Preston, who is confined at the Oaks Correctional Facility in Manistee, Michigan, filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner challenges his convictions following a jury trial in Oakland County Circuit Court of carjacking, Mich. Comp. Laws § 750.529a; first-degree home invasion, Mich. Comp. Laws § 750.110a(2); unarmed robbery, Mich. Comp. Laws § 750.530; and two counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(c). (*See id.* at PageID.1–2.) These convictions were affirmed on appeal. *See People v.*

*Preston*, No. 298796, 2012 WL 5853223 (Mich. Ct. App. Oct. 30, 2012), *leave denied*, 829 N.W.2d 225 (Mich. 2013).

Petitioner previously filed a federal habeas petition, which this Court denied on the merits. *See Preston v. Gidley*, No. 14-10606, 2017 WL 4572336 (E.D. Mich. Oct. 12, 2017). The Court also denied Petitioner's motion for reconsideration and for a certificate of appealability. *See Preston v. Gidley*, No. 14-10606, 2017 WL 11496896 (E.D. Mich. Nov. 30, 2017). The Sixth Circuit subsequently denied Petitioner's application for a certificate of appealability, *see Preston v. Smith*, No. 17-2389, 2018 WL 2222599 (6th Cir. Apr. 25, 2018), and the United States Supreme Court denied his petition for a writ of certiorari. *See Preston v. Smith*, 139 S. Ct. 431 (2018). The Sixth Circuit then denied Petitioner permission to file a second or successive habeas petition on two occasions. *See In re Preston,* No. 18-1847 (6th Cir. Nov. 26, 2018); *see also In Re Preston,* No. 20-1641 (6th Cir. Dec. 8, 2020).

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3). "[F]ederal district courts lack jurisdiction to consider second

or successive habeas petitions without [this] preauthorization from the relevant Court of Appeals." *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (internal citations omitted). The Court is required to transfer unauthorized second or successive habeas petitions to the court of appeals pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

This petition appears to be an unauthorized second or successive habeas petition. The Court does not have jurisdiction to consider the petition absent an order of authorization from the Sixth Circuit. Accordingly, it is ORDERED that the petition be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

IT IS SO ORDERED.


Dated: January 14, 2021          s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 14, 2021.

s/William Barkholz
WILLIAM BARKHOLZ
